## Rodman v. Smedley et al., Appellants.

*Workmen's compensation—Appeals—Evidence—Facts—Revisory powers of appellate court—Accident not on employer's premises—Course of employment—Act of June 26, 1919, P. L. 642.*

1. While the Act of June 26, 1919, P. L. 642, brings the evidence before the appellate court in workmen's compensation cases, the revisory powers of the court are limited to the determination of the question whether there is evidence to support the findings, and whether the law has been properly applied; it does not enable the court to weigh conflicting evidence or decide what inferences should be drawn therefrom.

2. If a deceased workman met his death in the course of his employment, compensation may be had for his death, although the accident did not happen on the employer's premises.

Argued January 4, 1923. Appeal, No. 50, Jan. T., 1923, by defendants, from order of C. P. No. 1, Phila. Co., Dec. T., 1921, No. 6445, affirming decision of Workmen's Compensation Board, in case of Tillie M. Rodman v. Smedley & Mehl, defendants, Lumbermen's Mutual Casualty Co., Insurance Carrier. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

1923.]      Assignment of Error—Opinion of the Court.

Appeal from decision of Workmen's Compensation Board, which affirmed award of referee.      Before SHOE-MAKER, J.

The opinion of the Supreme Court states the facts.
Decision affirmed.      Defendants appealed.

*Error assigned,* inter alia, was order, quoting it.

*Harold S. Loeb,* with him *J. Frederick Martin,* for appellants, cited: Callihan v. Montgomery, 272 Pa. 56; Stahl v. Coal Co., 268 Pa. 452; Flucker v. Steel Co., 263 Pa. 113; Pioneer Coal Co. v. Hardesty, 133 N. E. 398; Bube v. Boro., 25 Pa. Superior Ct. 88.

*George Ross,* with him *Williams & Sinkler,* for appellee, cited: Roach v. Lever Co., 274 Pa. 139; Flucker v. Steel Co., 263 Pa. 119; Stahl v. Coal Co., 268 Pa. 452.

OPINION BY MR. JUSTICE WALLING, January 29, 1923:
This is a workmen's compensation case.   The defendants, Smedley & Mehl, were engaged in the lumber and coal business at Ardmore and David Rodman, the deceased, was their general superintendent for many years. In addition to supervision at the lumber yard, Rodman went out to collect bills, adjust complaints, get supplies for defendants, etc., so his work frequently took him away from the employers' premises.   On the afternoon of May 26, 1921, he mounted an out-going truckload of lumber and rode to Lancaster Avenue, where, in attempting to alight, he fell and was killed.   His widow was awarded compensation by the referee, which was affirmed by the compensation board and court below; hence, this appeal by defendants and the insurance carrier.

The accident happened during business hours while the deceased, dressed in his working clothes, was riding on the masters' loaded truck, and near a store and office where he was accustomed to go on the latter's business, all of which tends to support the referee's finding that

Rodman was killed in the course of his employment. There was, however evidence tending to show the deceased frequently got shaved at a barber shop near where he fell, and appellants earnestly contend that his death resulted while in pursuit of this purpose of his own. The referee might have so found, but it cannot be said there is no evidence to support the opposite conclusion reached by him. It is clear Rodman had not quit work for the day and while he did not disclose the purpose for which he left the yard, that might have been found from the circumstances: see Flucker v. Carnegie Steel Co., 263 Pa. 113; also Zelazny v. Seneca Coal Mining Co. et al., 275 Pa. 397. Although the Act of June 26, 1919, P. L. 642, brings the evidence before us for review in this class of cases, our revisory powers are limited to a determination of the question whether there is evidence to support the findings, and whether the law has been properly applied to them (Roach v. Oswald Lever Co., 274 Pa. 139; Callihan v. Montgomery, 272 Pa. 56; Strohl v. Eastern Pa. Rys. Co., 270 Pa. 132; Kuca v. Lehigh Valley Coal Co., 268 Pa. 163) and does not enable us to weigh conflicting evidence or decide what inferences should be drawn therefrom: see Stahl v. Watson Coal Co., 268 Pa. 452.

If the deceased met his death in the course of his employment, the widow is entitled to compensation although the accident did not happen on the premises of the master (section 301, Act of June 2, 1915, P. L. 736, 738, 739; Chase v. Emery Manufacturing Co., 271 Pa. 265; Messer v. Manufacturers L. & H. Co., 263 Pa. 5; Haddock v. Edgewater Steel Co. et al., 263 Pa. 120), provided it happens while actually engaged in the transaction of the latter's business: Maguire v. James Lees & Sons Co., 273 Pa. 85.

The rule, urged by appellants, that a presumption cannot be based upon a presumption, is sound, but does not apply to this case.

The judgment is affirmed.