## Gastile Chaudrue *v.* O'Neill Bros., Inc., et al., Appellants.

*Workmen's compensation law—Partial disability—Final receipt —Rate of compensation — Evidence — Act of June 26, 1919, P. L. 642, section 306 (b).*

An award of the Workmen's Compensation Board, allowing compensation for partial disability, will not be disturbed on appeal, where the referee found, as a fact, that there was such partial disability, and there was sufficient evidence to sustain the findings,

and the compensation was awarded in compliance with the terms of the statute.

The fact that claimant has signed a final receipt under a former compensation agreement, does not preclude him from having the compensation reinstated, provided the facts of the case warrant such action.

Argued October 3, 1923.   Appeal, No. 49, Oct. T., 1923, by defendants, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1922, No. 4509, affirming an award of the Workmen's Compensation Board in the case of Gastile Chaudrue v. O'Neill Bros., Inc., defendant, and Maryland Casualty Company, Insurance Carrier.   Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Appeal from award of the Workmen's Compensation Board.   Before McDEVITT, J.

The facts are stated in the opinion of the Superior Court.

The court below affirmed the award of the Workmen's Compensation Board and dismissed the appeal.   Defendants appealed.

*Error assigned,* among others, was the order of the court.

*Louis Wagner,* and with him *Wilbur F. Whittle,* for appellants.

*John P. Betz, Jr.,* and with him *George C. Klauder,* for appellee.

OPINION BY LINN, J., November 19, 1923:

This appeal from judgment affirming an award of the Workmen's Compensation Board, (sustaining a referee), raises three contentions: that claimant has not shown (1) any disability (2) any connection between the al-

leged disability and the accident (3) any loss of earning power.

Claimant was employed as a millwright at $28 a week and was injured November 24, 1920. A compensation agreement was executed and performed until he signed a final receipt about a year later. On May 8, 1922, he filed a petition to have compensation reinstated, alleging that he was "still unable to do my [his] usual work, have suffered a partial disability......," and that he "signed final receipt by mistake." The employer and its insurance carrier filed formal denials of those allegations; a referee held a hearing and took the testimony of claimant, no other witnesses being produced.

Claimant testified his employment at "millwright work" required heavy lifting, and that while so engaged, he strained his left side, for which compensation was duly paid, as has been stated. He returned to work in October, 1921, but at lighter work, for which his wages were $18 a week. In his testimony he repeated several times that he was then still unable to do the work of a millwright because he could not do the heavy lifting, and he also stated that his employer had told him "he did not want me to come back there and work, he told me to go back and get another job, at the same time he had a sign on the door 'Men wanted' and that is the reason I went back." His employer also said when claimant returned to work that he did not wish claimant "to have anything more to do with that job" as millwright. Claimant also stated that he had been offered "a job the other day" doing millwright work and that he was unable to do it.

The referee found there was a partial disability, that it resulted from the accident, and that claimant was entitled to compensation for partial disability at the rate specified in section 306 (b), 1919 P. L. 644.

(1) Appellants contend that as claimant alone testified he was disabled in the sense described, and as there is no objective evidence of the disability, the finding of fact was not warranted. (2) For the same reason, they

contend that the alleged disability cannot be said to have resulted from the original injury.   On both points the evidence was meager, but we are not prepared to say it was insufficient, limiting our inquiry, as the statute requires, to whether there is evidence to sustain the finding: Rodman v. Smedley, 276 Pa. 296, 298; there was such evidence.

(3) As a millwright at the time of injury, claimant's wages were $28 a week; when he returned to work, at the lighter employment, he received $18 a week.   Notwithstanding that reduction, appellants contend that he has sustained no loss of earning power because he testified that the wages of the millwright (there was but one, out of a total of seven men in the service of his employer) had been "cut $10 per week."   It is argued that from that statement we must infer that there had been such general change in the level of millwright's wages as that reduction would indicate, and that such change must be considered in determining whether the injured employee has sustained a loss for partial disability within the statute; we pass the point because the evidence is insufficient to establish such general reduction.

The statute authorizes the referee and the board to measure the disability by the difference in wages received at the time of the injury and subsequently.   Section 309, (1919 P. L. 650) provides that the "term wages ......shall be construed to mean the money rate at which the service rendered is recompensed under the contract of hiring in force at the time of the accident ......"   Section 306 (b) (P. L. 644) provides that "for disability partial in character......sixty per centum of the difference between the wages of the injured employee, as defined in section 309, and the earning power of the employee thereafter......" shall be paid.   The award made, and now complained of, was therefore directly within the terms of the statute applied to the facts supplied in the evidence.

Judgment affirmed.