## McDonnell v. Mahedy et al., Appellants.

*Workmen's compensation—Death—Course of employment—Evidence.*

Compensation will be allowed for the death of a workman where there is evidence on the record to warrant an inference that the death was due to a fall and injury to the head of the deceased suffered while in the course of his employment.

Argued March 24, 1924. Appeal, No. 290, Jan. T., 1924, by defendants, from judgment of C. P. No. 5, Phila. Co., June T., 1923, No. 573, affirming decision of Workmen's Compensation Board, in case of Mary McDonnell v. Michael Mahedy and Maryland Casualty Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Appeal from decision of Workmen's Compensation Board, confirming award of referee. Before MARTIN, P. J.

The opinion of the Supreme Court states the facts.

Decision affirmed. Defendants appealed.

*Error assigned* was, inter alia, judgment, quoting it.

*Richard A. Smith,* for appellants.

*Isaac M. Price,* with him *Byron Hancock,* for appellee.

PER CURIAM, April 14, 1924:

Mary McDonnell claimed compensation for the death of her husband Patrick McDonnell, who died June 2, 1922, the referee made an award which was approved by the compensation board and affirmed by the court below; this appeal followed.

The board found as facts that, on May 31, 1922, while in the course of his employment, McDonnell slipped and fell from defendant Mahedy's coal wagon to the street, "striking on his head"; the following morning he complained of pain and, later, lapsed into unconsciousness, from which state there was no recovery; finally, that the injury thus sustained was responsible for his death.

Though admitting the fact of the fall, appellants contend there is no evidence McDonnell received injuries at that time which were the cause of his death. We have read the stenographer's notes and agree with the learned court below that "the testimony warranted the referee and compensation board in concluding that McDonnell's death was due to the fall and injury to his head suffered while in the course of his employment by defendant," at least, there is evidence on the record to warrant inferences to that effect, and this is sufficient: Thomas v. State Workmen's Ins. Fund, 280 Pa. 331.

The judgment is affirmed.