# Thomas, Appellant, *v.* State Workmen's Insurance Fund et al.

*Workmen's compensation—Reconsideration—Evidence — Find-
ings—Appeals.*

1. On appeals in workmen's compensation cases, the revisory
power of the appellate court is limited to a review of the testimony
of record, with the sole purpose of ascertaining whether evidence

appears which justifies a finding made, and, if so, whether the law has been properly applied.

2. Where medical experts called by claimant and defendant in a workmen's compensation case directly contradict each other, a question of fact is raised which is to be passed upon primarily by the referee and the compensation board, subject to review by the common pleas; and if a conclusion is reached adversely to the claimant, the appellate court will not reverse.

3. Before such a case will be sent back for reconsideration, it must appear that relevant matters, essential to a proper determination of the case, have not been sufficiently inquired into.

Argued February 26, 1924. Appeal, No. 171, Jan. T., 1924, by plaintiff, from judgment of C. P. Wyoming Co., June T., 1923, No. 20, affirming decision of Workmen's Compensation Board, refusing award, in case of Anna Thomas v. State Workmen's Insurance Fund and Awixa Corporation. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Appeal from decision of Workmen's Compensation Board which affirmed finding of referee, refusing award. Before TERRY, P. J.

The opinion of the Supreme Court states the facts.

Decision affirmed. Claimant appealed.

*Error assigned* was, inter alia, decree, quoting record.

*Roger J. Dever,* with him *James S. Fields,* for appellant.—An injury brought on by unusual heat and overexertion is an accident which will support compensation, even though no unusual exertion took place at the precise moment when the accident happened: Wolford v. Geisel M. & S. Co., 262 Pa. 454; Lane v. Horn & Hardart Baking Co., 261 Pa. 329.

*Samuel I. Spyker,* with him *George W. Woodruff,* Attorney General, for appellees, cited: Flucker v. Steel Co., 263 Pa. 113; McCauley v. Woolen Co., 261 Pa. 312.

OPINION BY MR. JUSTICE SADLER, April 14, 1924:

Lester L. Thomas was employed as a carpenter to aid in the building of a highway bridge, and, on October 22, 1921, helped in the handling of large stones required in the construction work. Nineteen days later he died of heart disease, and a claim for an allowance was made by his widow before the Workmen's Compensation Board, on the ground that his collapse was due to the strain which he suffered in moving the heavy material during the course of his employment. His health prior to the date mentioned was fair, and the contention is made that the unusual service in which he assisted caused his breakdown.

The referee, to whom the case was submitted, found the employée had not "suffered violence to the physical structure of his body while in the course of employment," and refused to make an award. An appeal resulted in an order directing that the claim be reconsidered, and further testimony taken. This was done, but ultimately the same conclusion was reached, and the findings were approved by the board and the court of common pleas. It is insisted that the evidence justified a different determination, and that there was some medical testimony which indicated the physical effort demanded by the work performed hastened the death, upon which the claim is based. Had the referee and board so found, and granted compensation, the judgment might be sustained (Watkins v. Pittsburgh Coal Co., 278 Pa. 463; Hornetz v. P. & R. C. & I. Co., 277 Pa. 40; Wolford v. Geisel M. & S. Co., 262 Pa. 454), since one of the witnesses testified that the carrying of the weighty load probably injured the already weakened heart. (See Fink v. Sheldon Axle & Spring Co., 270 Pa. 476). There was evidence, however, to the contrary, and it was accepted as true. It is established definitely that the revisory powers of this court are limited to a review of the testimony of record, with the sole purpose of ascertaining whether evidence appears which justifies a find-

ing made, and, if so, whether the law has been properly applied: Flucker v Carnegie Co., 263 Pa. 113; Kuca v. Lehigh Valley Coal Co., 268 Pa. 163; Stahl v. Watson Coal Co., 268 Pa. 452; Tracey v. Phila. & Reading C. & I. Co., 270 Pa. 65.

In the present case, one doctor testified that the overexertion caused the condition which resulted in the death of Thomas. Two other physicians said it "could" have been produced by the undue strain, but not that it "probably" resulted from this cause. The expert for the defendant gave evidence directly to the opposite. This raised a question of fact to be passed upon primarily by the referee and the compensation board, subject to review by the common pleas. The dispute was decided adversely to the claimant, and it is not for this court to set aside the conclusion which was reached under such circumstances; and there is nothing on the record to suggest the necessity for a further hearing. Before a case of this kind will be sent back for reconsideration, it must appear that relevant matters, essential to a proper determination of the controversy, have not been sufficiently inquired into.

If the facts had justified a conclusion that there was no other plausible explanation of the death than that of the heart strain, due to the carrying of the stones, then compensation could have been allowed (Watkins v. Pittsburgh Coal Co., supra), but where there is testimony, as here, showing a weakened organic condition, which possibly may have been aggravated, the burden is on the claimant to meet the measure of proof required by law, and show that the so-called "accident" was the "probable" cause of the death: McCauley v. Imperial Woolen Co., 261 Pa. 312; Fink v. Sheldon Axle & Spring Co., supra. The facts have been found against the appellant, and this court cannot interfere.

The judgment is affirmed.