From W. F. Schutte, Beaver, Pa.

---

## Arndt v. Royalton Face Brick Company.

*Workmen's compensation—Loss of use of eye.*

Under section 306 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended by section 1 of the Act of June 26, 1919, P. L. 642, the loss of the use of an eye is equivalent to the loss of the eye itself.

Appeal from award of the Workmen's Compensation Board. C. P. Dauphin Co., June T., 1925, No. 1037.

*Earl V. Compton* and *Metzger & Wickersham,* for plaintiff.

*Victor Braddock,* for defendant.

HARGEST, P. J., Dec. 7, 1925.—This case comes before us on appeal from an award by the Workmen's Compensation Board.

The claimant, an employee of the defendant, was struck in the left eye by a hot cinder while engaged in his occupation as a kiln burner. He claims compensation for the loss of an eye. The Workmen's Compensation Board sustained his claim. The only question before us now is whether there is sufficient evidence to support the findings of the board, and whether the law has been properly applied to those findings. We are not to determine the weight of conflicting evidence: Rodman *v.* Smedley, 276 Pa. 296, 298; Chaudrue *v.* O'Neill Bros., 82 Pa. Superior Ct. 161, 164. The evidence shows that the injury occurred Oct. 31, 1924. The next day the claimant submitted himself to treatment by Dr. H. W. George, who prescribed glasses for him, and subsequently he was examined by Dr. J. Walter Park, an eye specialist. The evidence shows that, prior to the accident, he was suffering from nystagmus, which is a twitching of the eye and does not ordinarily affect the vision; that

VOL. 8—2

he never wore glasses prior to the injury; that now he cannot distinguish faces or recognize people with his left eye, and that he cannot work or read without glasses. Dr. George testified that he found a burn about the centre of the left eye; that he removed a foreign body therefrom; that the sight is permanently affected; that there is no vision from the centre of the eye because of the scar, but some vision around the edge; that the condition of the eye is directly attributable to the accident, and that the eye is incapacitated for industrial purposes. Dr. Park, the defendant's witness, testified that with a corrective lens the claimant can get 15/200 vision, which means that with proper glasses, at fifteen feet from the test card, he could read only the large letters of the top line.

The legal question is whether, under the statute, the claimant is to be compensated for the "loss of an eye." Section 306 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended by section 1 of the Act of June 26, 1919, P. L. 642, provides, in paragraph (c), in part as follows: "For all disability resulting from permanent injuries of the following classes, the compensation shall be exclusively as follows: . . . for the loss of an eye, fifty per centum of wages during one hundred and twenty-five weeks; . . . permanent loss of the use of a hand, arm, foot, leg or eye shall be considered as equivalent of the loss of such hand, arm, foot, leg or eye."

In the case of Androlonis v. Phila. & Reading C. & I. Co., 280 Pa. 71, there was an injury which left only 1/15 of normal vision. In that case the Supreme Court said: "The fact that, through an operation and by the use of artificial means, such as glasses, a very small percentage of sight has been restored to one of the claimant's eyes does not take his case out of the class of 'permanent loss of eye,' as that phrase is used in the act."

In Quinn v. Amer. Inter. Ship Building Corp., 77 Pa. Superior Ct. 304, 306, it is said: "The act is to be liberally construed. Both the loss of the eye and the loss of the permanent use of the eye are covered by it. The latter is to be construed as equivalent to the former. The term 'permanent loss of the use of the eye' is not to be taken as requiring an entire deprivation of sight. If the sight is practically destroyed and only a little vision left, the act should afford compensation for this, the same as if the sight were gone entirely."

In Fillip v. Wm. Cramp & Sons, 80 Pa. Superior Ct. 68, while the court held that a claimant cannot receive compensation for the loss of the use of his eye upon a showing that he suffered some impairment of vision, and cannot do all of the work which he heretofore performed as a machinist, the court quoted with approval the rule laid down in Quinn v. Amer. Inter. Ship Building Corp., 77 Pa. Superior Ct. 304, 306. In the instant case the evidence justifies the finding that the claimant has lost the industrial use of his eye, because, even with glasses, he has only a small percentage of vision left, and, under the statute and the cases just cited, the loss of the use of the eye is equivalent to the loss of the eye itself. We are, therefore, of opinion that there is sufficient evidence to support the findings of the referee and of the Workmen's Compensation Board.

Now, Dec. 7, 1925, the exceptions to the findings of the Workmen's Compensation Board are overruled, the appeal dismissed at the cost of the appellant, and the award of the board is hereby confirmed. Judgment is directed to be entered in favor of the claimant and against the defendant in the sum of $1500, payable at the rate of $12 per week, beginning Nov. 9, 1924, for the period of 125 weeks. The prothonotary is hereby directed to certify this judgment to the Workmen's Compensation Board.

From George R. Barnett, Harrisburg, Pa.