Meenan *v*. Municipal Paving Company, Defendant, and Union Indemnity Company, Insurance Carrier, Appellant.

Argued October 3, 1928.

380

Before Porter, P. J., Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ.

*Frank R. Ambler,* and with him *Harry S. Ambler, Jr.,* for appellant, cited: McCauley v. Imperial Woolen Co., 261 Pa. 312; Flucker v. Carnegie Steel Co., 263 Pa. 113; Vorbnoff v. Mesta Machine Co., 286 Pa. 199; McDevitt v. Checker Cab Co., 288 Pa. 394; Wolf v. Studebaker, 65 Pa. 459; Miller v. Baker, 160 Pa. 172; Bank of Pittsburgh v. Purcell, 286 Pa. 114; Hoffa v. Hoffa, 38 Pa. Superior Ct. 356.

*John P. Betz, Jr.,* for appellee, cited: Kuca v. Lehigh Valley Coal Co., 268 Pa. 163; Stahl v. Watson Coal Co., 268 Pa. 454; Clark v. Lehigh Valley Coal Co., 264 Pa. 533; Callihan v. Montgomery, 272 Pa. 56; Roach v. Oswald Lever Company, 274 Pa. 139; Rodman v. Smedley & Mehl, 276 Pa. 296.

Opinion by Henderson, J., November 21, 1928:

This is an appeal from the judgment of the court on the award of the Referee, approved by the Compensation Board, in favor of the plaintiff who is the

widow of John Meenan. The Referee found that "while in the course of his employment with the defendant, at his regular place of service as night watchman, the clothing of the said John Meenan accidentally caught fire from a lighted torch." Meenan's employment included the filling of oil torches used along the street where the defendant was carrying on a street improvement. In this service his trousers became saturated with oil, as appears from the evidence. He was last seen sitting between two boxes warming his hands with a torch. The night was chilly and the wind blowing. No one saw how the accident occurred, but about mid-night he was found lying at the edge of the street with his clothing in flames. This fire was extinguished and he was taken to the hospital badly burned, with the result that he died some days thereafter. It is not disputed that he was an employee; that he was at the place where his engagement required him to be, and that he was giving his attention, when last seen, to the service of his employer. There was evidence therefore to support the finding of the Referee and to justify the action of the Compensation Board and the court below. The defense introduced was that Meenan had fallen asleep and in some manner had come in contact with fire, presumably a torch, which caused his injury. This defense was not presented in testimony offered by the appellants. The son of the deceased testified before the Referee that some twelve hours after the accident he called at the hospital to see his father; that he found him with bandaged legs and "pretty sick." In the course of the conversation he said to this son that he had been sitting down resting and must have fallen asleep and his trousers caught fire from an open torch that they were using between the tracks. There was also offered in evidence the hospital record, apparently for the purpose of showing that the deceased

came to his death from burns received in his employment. The statement attributed to Meenan is, under the view most favorable to appellants, a conjecture as to how he was hurt. It is not conclusive, and perhaps not convincing evidence on the subject, and the Referee, the Compensation Board and the court disregarded it, as insufficient to establish the fact. The hospital record was not proven by anyone, nor was there any evidence as to the source from which the information was derived as to the cause of the injury. The appellants assumed the burden of showing that the employee was not engaged in the discharge of his duty at the time of the injury, and as there was no other evidence tending to defeat the plaintiff's claim, than the statement of the injured man above referred to, the Referee was not bound to hold that the appellants' case was made out. The circumstances of the case, the nature of the employment, the character of the injury and the effect of it on the mind of the patient were all to be taken into account in passing on the question of fact raised by the issue. It being clear that the injured man was on the premises to which his employment called him and that when last seen he was engaged in the performance of his task not long before he was burned, it might well be found that he was injured in the course of his employment. Flucker v. Carnegie Steel Company, 263 Pa. 119. We agree with court below that the appellants failed to present such a state of facts as made it the duty of the Referee and the Compensation Board to find against the claim.

The appeal is therefore dismissed and the judgment affirmed.