## Finnerty v. Hudson Coal Co., Appellant.

318

Argued March 6, 1934. 

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALD-
RIGE, STADTFELD, PARKER and JAMES, JJ. 

*Rudolph S. Houck,* and with him *John P. Kelly,* for
appellant.

*Roger J. Dever,* for appellee.

OPINION BY TREXLER, P. J., July 13, 1934:

Anthony Finnerty was employed by the Hudson
Coal Company. His duties, as defined by the foreman
of the defendant company, were to watch for sub-
sidences on the "locie" track of the company. This
track was located upon the land of the Pennsylvania
Railroad Company, who afforded to the coal company
the privilege of traversing its property. Mr. Fin-
nerty's duties were "to watch the surrounding terri-
tory for caves affecting the tracks along the right of

way, to watch the tracks only looking out for depressions and caves." The question was asked whether his duties would take him off the tracks of the Hudson Coal Company. The answer was "No, sir." The testimony, however, of the foreman must be taken as a whole and it stands to reason that if Finnerty was to watch for caves "affecting the right of way" his field of observation would extend beyond the narrow limits of the tracks. He was found on the evening of November 5th in a shanty which had been provided for the convenience and protection of the watchman. There is some testimony, as to the declarations the decedent made when found and in great pain, which show that the accident occurred near the shanty and evidently upon the property over which he had an oversight, but we may pass without further discussion that feature of the case, the objection being urged that it was hearsay. See Riley v. Carnegie Steel Co., 276 Pa. 82, 119 A. 832; and Smith v. Stoner, 243 Pa. 57, 89 A. 795. This is certain. He was found in an injured condition upon the property of the coal company. He evidently had suffered from a fall in one of the holes that had been formed by a caving in of the mine. Presumably he was in the pursuit of his duties at the time he was injured. He was severely injured, his leg being broken, and he could not have traversed any distance in order to reach the shanty. He must have crawled upon his hands and knees to get to the shanty, for considering the injury that he had, he could not have walked to it, nor could he have pursued the means he did employ if the distance had been of any considerable length. He had not quit his duties at the time he was injured for his lunch kettle was still in the shanty when he was found. It was, therefore, entirely competent for the referee to find that he was injured in the course of his employment and his widow was entitled to compensation.

"Where no facts appear indicating anything to the contrary, it may be presumed logically that an employee at his regular place of service, during his usual working hours, is there in discharge of some duty incident to his employment; and, when the dead body of an employee is found on the premises of his employer, at or near his regular place of service, under circumstances fairly indicating an accidental death which probably occurred during the usual working hours of the deceased, the inference may fairly be drawn, in the absence of evidence to the contrary, that the employee was injured in the course of his employment": Flucker v. Carnegie Steel Co., 263 Pa. 119, 106 A. 192.

The compensation authorities whose duty it is to find facts may find them either from direct proof, circumstantial evidence, or by inference from other facts: Haddock v. Edgewater Steel Co., 263 Pa. 120, 106 A. 196.

The learned judge, who wrote the opinion in the case in the court below which is reported in 34 Lackawanna, page 105, correctly concluded: "The conclusions of the referee and the Workmen's Compensation Board that the deceased received his injury in the course of his employment are clearly justifiable from a fair consideration of the circumstances deducible from the evidence in the case."

The judgment is affirmed, appellant to pay costs.