## Horn v. Fitler Company et al., Appellants.

Argued September 25, 1934.

Before Keller, Cunningham, Baldrige, Stadt-feld, Parker and James, JJ.

*Frederick H. Spotts,* and with him *Pepper, Bodine, Stokes & Schoch,* for appellants.

*William D. Harkins,* for appellee.

Opinion by Stadtfeld, J., November 22, 1934:

This is a workmen's compensation case. The referee found in favor of claimant. The Board affirmed the award of the referee. The court, on appeal, entered judgment on the award. From that judgment this appeal was taken.

The Board made, inter alia, the following findings: "On December 5, 1932 and for sometime prior thereto, William Horn, a man about 75 or 76 years of age was employed by the defendant. The record discloses that on the morning of the 5th of December about 25 minutes after 6 a fellow employe, Edw. B. Sipe, found the decedent lying at the steps of the plant of the defendant in an unconscious condition. The record discloses that the plant usually started work at a quarter till seven in the morning, but as they were not working full time in December of 1932 they did not start to work until 7:45 A. M. When the witness Sipe talked with the decedent he was advised by the decedent that he had fallen down the steps leading from the building on the premises of the defendant company. In this fall the decedent sustained a concussion of the brain. Dr. Arnett who examined the decedent testified that the death of the decedent was the result of the falling. We think there is sufficient evidence in this record to conclude that though the actual work of the decedent on this particular morning may not have started until 7:45, the decedent was required by the company in the performance of his duties to be on the ground sufficient time so that he could take up actual work without any delay, and he was, therefore, required to be on the ground a reasonable time before his actual work started."

Appellant contends: ((a), that there is no evidence of an accident; (b), assuming an accident, there is no evidence that it occurred in the course of decedent's

employment; (c), that the evidence discloses that the decedent died from natural causes.

A. We have the undisputed fact that decedent fell down a flight of steps on the employer's premises, at a time when he was there and about to take up his duties as a workman. This is established by the testimony of Edward B. Sipe, a fellow employee of decedent, who testified that sometime prior to 6:25 A. M. on Monday, Dec. 5, 1932, he found decedent lying at the foot of a flight of steps which led to his place of employment. Sipe ran up and asked what happened, to which Horn, the decedent, said "I fell down the steps." The witness denied that Horn told him "that he missed his step." Rev. W. R. Craig was called and permitted to testify, under objection, to a conversation which he had with the witness Sipe wherein the latter is said to have told Rev. Craig that Horn had said to Sipe, when found at the foot of the steps, "I missed my step and fell down the steps and got a terrible blow on the head." This alleged statement was denied by Sipe. This testimony of Rev. Craig was admissible only for the purpose of contradicting Sipe, and not to establish the facts as stated in the evidence. Scheer v. Melville, 279 Pa. 401, 123 A. 853; Zavodnick v. Rose & Son, 297 Pa. 86, 146 A. 455. Dr. Nicholas Gotten, called on behalf of defendant, testified that no x-ray was taken as far as he knew, that he was not present at the autopsy and that "our original diagnosis and our final diagnosis was a "cerebral hemorrhage, with rupture into the ventricles." The hospital records indicate the same cause of death and "general artero-sclerosis" as contributory. Independent of the testimony of Rev. Craig, we think there was sufficient evidence to sustain the finding of the Board.

As stated in Lacey v. Washburn and Williams Company, 309 Pa. 574, 580, 164 A. 724, in dealing with the

word "accident,"—"The rule deducible from our decisions limits the right to recover compensation to cases where injury or death is due to some unexpected or fortuitous event." In McCarthy v. General Electric Co., 293 Pa. 448, 143 A. 116, the deceased sustained injuries in a fall upon the floor of the plant. No one saw the fall, but it was heard and the deceased was immediately found, unconscious, with his face in a pool of blood. Quoting, at page 451, from the opinion: "While no one saw the deceased fall, the circumstantial evidence thereof was sufficient to sustain the finding of an accident: Flucker v. Carnegie Steel Co., 263 Pa. 113, 118 . . . . . . Furthermore, it is not necessary that the fall result from an accident, as the fall is the accident; nor is it material that the employee fell because he became dizzy or unconscious. An injury sustained by an accidental fall is compensable although the fall resulted from some disease with which the employee was afflicted . . . . . . An accidental injury, during the course of employment, from an unexplained cause is compensable and the burden is not on a claimant to show the exact cause: Zelazny v. Seneca Coal Mining Co., 275 Pa. 397; Laraio v. P. R. R. Co., 277 Pa. 382; Skinner's Pennsylvania Workmen's Compensation Law 54. If resulting from temporary mental lapse it is as compensable as though resulting from the friendly push of a fellow servant, or other untoward event."

In the recent case of Finnerty v. Hudson Coal Co., 113 Pa. Superior Ct. 317, 173 A. 436, this court through President Judge TREXLER, said: "Where no facts appear indicating anything to the contrary, it may be presumed logically that an employee at his regular place of service, during his usual working hours, is there in discharge of some duty incident to his employment; and, when the dead body of an employee is found on the premises of his employer, at or near

his regular place of service, under circumstances fairly indicating an accidental death which probably occurred during the usual working hours of the deceased, the inference may fairly be drawn, in the absence of evidence to the contrary, that the employee was injured in the course of his employment.' Flucker v. Carnegie Steel Co., 263 Pa. 110, 106 A. 192.

"The compensation authorities whose duty it is to find facts may find them either from direct proof, circumstantial evidence, or by inference from other facts. Haddock v. Edgewater Steel Co., 263 Pa. 120, 106 A. 196."

Where it appears deceased sustained a fall, which may have caused death by brain lesion or other injury, this is sufficient to support a finding of accidental death. Watkins v. Pittsburgh Coal Co., 278 Pa. 463, 123 A. 461.

B. It was not denied that decedent was on the employer's premises at the time of the alleged accident. Appellant however claims that decedent was not in the course of his employment at the time. It relies on the testimony of Sipe, his fellow employee who testified as follows: "Q. What time were you supposed to be there? A. We don't start until quarter of eight; we weren't working full time then—when we work full time we start quarter of seven." There was no evidence that the working hours of the decedent and the witness were identical. The board has found, "We are satisfied from the record in this case and the changing conditions under which a man of his age accustomed to hard work has been performing his duties for many years and was honestly endeavoring to continue that labor, that his presence on the premises of the defendant at this hour in the morning was not unreasonable, and that he was there for the purpose of furthering the business of the defendant ......"

C. Appellant contends that the evidence discloses

that the decedent died from natural causes. It relies upon the testimony of Dr. Gotten and the hospital records. The entire testimony however, must be considered. As stated in Rodman v. Smedley, 276 Pa. 296, 120 A. 266, ''Although the Act of June 26, 1919, P. L. 642, brings the evidence before us for review in this class of cases, our revisory powers are limited to a determination of the question whether there is evidence to support the findings, and whether the law has been properly applied to them (Roach v. Oswald Lever Co., 274 Pa. 139; Callihan v. Montgomery, 272 Pa. 56; Strohl v. Eastern Pa. Rys. Co., 270 Pa. 132; Kuca v. Lehigh Valley Coal Co., 268 Pa. 163), and does not enable us to weigh conflicting evidence or decide what inferences should be drawn therefrom.'' To same effect Howell v. Kingston Twp., 106 Pa. Superior Ct. 89, 161 A. 559; Altman v. Kaufmann Realty Co., 110 Pa. Superior Ct. 178, 167 A. 394.

A careful examination of the evidence leads us to the conclusion that there is sufficient legally competent evidence to sustain the findings.

The assignments of error are overruled and judgment affirmed.