## Clara M. Poffinberger v. W. W. Martin Company, Defendant, and Ætna Life Insurance Company, Insurance Carrier, Appellants.

*Workmen's compensation law—Injury not on premises—Injury not in course of employment—Evidence—Question of law—Act of June 26, 1919, P. L. 642.*

A workman will not be allowed compensation for accidental injuries occurring off the premises of his employer, unless they were sustained while he was actually engaged in the course of his employment.

Whether a workman is injured or killed in the course of his employment within the meaning of that term as used in the Workmen's Compensation Law, is a question of law, and as such is open to review.

Under the Act of June 26, 1919, P. L. 642, the evidence in workmen's compensation cases is brought before the appellate court, and it is incumbent upon that court to determine whether there is evidence to support the findings, and whether the law has been properly applied.

Where the record fails to establish that the injured employee was engaged in the duties of his employment, and such conclusion is purely by inference, it was error to award compensation.

Argued April 28, 1924. Appeal, No. 123, April T., 1924, by defendants, from the judgment of C. P. Allegheny Co., July T., 1923, No. 2472, dismissing an appeal from the decision of the Workmen's Compensation Board, in the case of Clara M. Poffinberger v. W. W. Martin Company, Defendant, and Ætna Life Insurance Company, Insurance Carrier. Before HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Appeal from award of the Workmen's Compensation Board. Before CARNAHAN, J.

The facts are stated in the opinion of the Superior Court.

The court below sustained the award of the Workmen's Compensation Board. Defendant appealed.

524, (1924).]    Arguments—Opinion of the Court.

*Error assigned* was the action of the court below sustaining the award of the Workmen's Compensation Board.

*John M. Reed,* and with him *Reed and Blair,* for appellants.—The question as to whether the evidence is sufficient to show an accident in the course of employment is one of law and subject to review: Kuca v. Lehigh Valley Coal Co., 268 Pa. 163; Strohl v. E. P. Rys. Co., 270 Pa. 132; Callihan v. Montgomery, 272 Pa. 56; Maguire v. James Lees & Sons Co., 273 Pa. 85.

The burden was upon the claimant to show that the deceased was injured while actually engaged in the furtherance of the business or affairs of the employer: Spizzirri v. Krouse, 73 Pa. Superior Ct. 476; Flucker v. Carnegie Steel Company, 263 Pa. 113.

*Charles H. Young,* for appellee.—The claimant may establish that the deceased was injured while actually engaged in the furtherance of the business or affairs of the employer by circumstantial evidence or by inference from other facts: Haddock v. Edgewater Steel Co., 263 Pa. 124; Flucker v. Carnegie Steel Co., 263 Pa. 113; Leary v. McIlvain, 263 Pa. 500.

OPINION BY GAWTHROP, J., July 2, 1924:

This is a workmen's compensation case. W. W. Martin was engaged in the business of selling motor trucks at 5847 Center Avenue, Pittsburgh, under the name of W. W. Martin Company. The deceased was his assistant manager. His duties were to look after sales and expenditures and in a general way run the business in the absence of the owner. He had no regular hours of employment. He spent a great deal of his time outside of the office in the interest of the company collecting bills and looking after sales. He usually went home for supper about 6:30. On the afternoon of July 15, 1922, he left the office of his employer about five o'clock and drove

in his own automobile about two and a half squares, but not in the direction of his home. At a point near the corner of Ellsworth and Hiland avenues, he parked his car and, in walking across the street, was struck and killed by an automobile. The facts being found as above stated, the referee concluded that the employee died as the result of injuries sustained while in the course of his employment and awarded compensation to the widow. The award was sustained by the compensation board and the court below; hence this appeal.

The sole question presented for determination is, whether under the facts the husband of the claimant received the injury which resulted in his death in the course of his employment within the meaning of the Workmen's Compensation Act. Section 301 of the act (P. L. 1915, p. 736, 738) provides, inter alia, that the term "injury by an accident in the course of his employment," as used in the act, shall include "all other injuries sustained while the employee is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere." Admittedly the injury in the present case did not occur on the premises of the employer. It is contended by the appellants that the facts found did not warrant the conclusion that the deceased sustained his injuries while actually engaged in the transaction of his employer's business. Whether one is killed or injured in the course of his employment, within the meaning of that term as used in the act, is a question of law and as such open to review: Callihan v. Montgomery, 272 Pa. 56; Maguire v. James Lees & Sons Co., 273 Pa. 85. The Act of June 26, 1919, P. L. 642, brings the evidence before us for review and it is our duty to determine whether there is evidence to support the findings and whether the law has been properly applied to them: Roach v. Oswald Lever Co., 274 Pa. 139.

Viewing the evidence in the light most favorable to the claimant and giving her the benefit of every inference

which fairly may be drawn therefrom, we are constrained to hold that it does not sustain the conclusion that the deceased was engaged in the furtherance of his employer's business at the time of the accident. Whether or not he had quit work for the day cannot be determined from the evidence. No witness was called who knew where he was going or what his purpose was when he left the office or at any time thereafter. From all that appears, the inference that the deceased had quit work for the day and was on a mission of his own at the time of the accident is quite as reasonable as the inference that he was on his master's business. Either inference amounts to conjecture only. We have carefully examined all the cases relied upon by the appellee. In every instance in which compensation was allowed for accidental injuries occurring off of the premises of the employer, the facts warranted the conclusion that the injuries were sustained while the employee was actually on the errand of, or during a time set apart for the performance of, some as yet uncompleted business of the employer, that is, while engaged in the transaction of the latter's business. (See Maguire v. James Lees & Sons Co., supra.)

In Haddock v. Edgewater Steel Co., 263 Pa. 120, relied upon by the appellee, the accident happened off of the premises of the employer and there were no fixed hours of service for the employee, who could be called upon at any time. He was directed to go to a distant city to gather information for the use of his employer and on his return arrived at the station in his home city about midnight and while going from the station to his home was fatally injured at a street crossing. That case is distinguishable from ours because the facts warranted a conclusion that the employee was injured during the time set apart for the performance of some business which was uncompleted, and that he was still upon his employer's errand until he could report to him.

In Rodman v. Smedley et al., 276 Pa. 296, which the appellee contends rules this case, the injury was not sustained on the employer's premises. But there was evidence that the accident happened during business hours while the deceased, dressed in his working clothes, was riding on the master's loaded truck, and near a store and office where he was accustomed to go on the latter's business. This tended to support the referee's finding that the employee was killed in the course of his employment. It was clear that he had not quit work for the day and the circumstances were such as to warrant the drawing of the conclusion that he was on his master's business.

For the reasons stated we cannot agree with the court below or the compensation board, that Poffinberger's death was caused by an accidental injury incurred during the course of his employment.

The judgment of the court below is reversed, and the record is remitted to the court below with directions to return it to the compensation authorities so that they may adjudicate the case in accordance with this opinion.