## Margaret A. Ward *v.* The Atlantic Refining Company, Appellant.

*Workmen's compensation—Accident in course of employment—Accident off premises of employers.*

Under a claim for workmen's compensation it appeared that an employee was killed while proceeding along a public highway at the close of the day's work. It was also established that he had in his possession his own and several other time cards of fellow employees, which he intended to deposit at a gate to the premises of the employer, which he would pass on his way home.

Under such circumstances, something remained to be done at the time of the accident before the relation between the employee and his employer was terminated for the day, and the award of the Workmen's Compensation Board, holding that the employee was killed in the course of his employment, will be affirmed.

The decedent was not on the property of the defendant at the time he was injured, but the test is whether he was in the course of his employment, not whether he was on the premises of the master.

Argued October 13, 1924. Appeal, No. 239, Oct. T., 1924, by defendant, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1923, No. 6123, affirming an award of Workmen's Compensation Board in the case of Margaret A. Ward v. The Atlantic Refining Company. Before ORLADY, P. J., HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Appeal from award of Workmen's Compensation Board. Before SHOEMAKER, P. J., and BARTLETT and McDEVITT, JJ.

The facts are stated in the opinion of the Superior Court.

The court affirmed the award of the Workmen's Compensation Board.   Defendant appealed.

*Error assigned* was the judgment of the court.

*Oscar H. Price,* and with him *John H. Stone,* for appellant.—The decedent did not meet his injury in the course of his employment: Maguire v. James Lees Sons Co., 273 Pa. 85; Wilson v. H. C. Frick Coke Co., 268 Pa. 256; Stahl v. Watson Coal Co., 268 Pa. 452; Rotolo v. Punxsutawney Furnace Co., 277 Pa. 70; Shickley v. P. & R. Coal & Iron Co., 274 Pa. 360; Houlehan v. Pullman Co., 280 Pa. 402.

*George C. Klauder,* and with him *John P. Betz, Jr.,* for appellee, cited: Dunn v. Trego, 279 Pa. 518; Gallagher v. Walton Mfg. Co., 264 Pa. 29; Kuca v. Lehigh Valley Coal Co., 268 Pa. 163; Poluskiewicz v. Phila. and Reading Coal & Iron Co., 257 Pa. 305; McCauley v. Imperial Woolen Company et al., 261 Pa. 312; Strohl v. Eastern Pennsylvania Rys. Co., 270 Pa. 132; Callihan v. Montgomery, 272 Pa. 56; Roach v. Oswald Lever Co., 274 Pa. 139; Rodman v. Smedley, 276 Pa. 296.

OPINION BY TREXLER, J., February 27, 1925:

John J. Ward was employed by the Atlantic Refining Company at Philadelphia as a water tender.   After he had finished his day's work he left the premises of his employer at a place called Meadow Pump Gate.   As he passed along Passyunk Avenue he was struck by an automobile and died from the injury a few days afterwards. When the workmen came to work in the morning they got cards and when they left in the evening the cards were punched showing the number of hours they had worked.   These cards were deposited by the employees in certain boxes at the gates provided for their reception.

At the place where the decedent left the premises there was no box. He had his own card and several cards of other employees, which had been given to him to deposit. Ward's home was on the east side of the Schuylkill River and in traveling toward it he would pass the path running to the Ballast Wharf gate where there was a box in which his time slip could be deposited and further on there was another gate where there was another box. There is no doubt that Ward had the intention of depositing his own card and those entrusted to him by several of his fellow employees at one of these gates. The case hinges upon the fact whether he was actually engaged in the furtherance of the business or affairs of his employer at the time he was injured. The compensation board found that he was and we are not disposed to disturb that finding. There were 3,500 employees at this plant and it is admitted that the general system of the company was to have the employees deposit these cards. It would seem, therefore, that something remained to be done at the time Ward was going along the street before the relation between him and his employees terminated for the day. It was his duty to deposit the card and thus afford his employer a convenient method of determining how long he had worked. It was no answer to this to show that if he failed to deposit the card he could go to his foreman the next day and get a certificate or order which would entitle him to his wages. The company contends that the deposit of the cards was entirely for the benefit of the employees, but as was said by the chairman of the board, "it is idle to say that any system installed in securing accuracy in making up payrolls was entirely for the convenience of the employee; both employer and employee were interested." Moreover, one of the defendant's witnesses stated that the depositing of the card was for the convenience of the time department of the defendant company. The means provided for payment of the wages on failure to deposit a time card evidently applied only to

isolated cases and was not designed generally to dispense with compliance with the system.

The decedent was not on the property of the defendant at the time when he was injured, but as has been said in a number of cases, the test is whether he was in the course of his employment, not whether he was on the premises of the master: Rodman v. Smedley, 276 Pa. 296, and cases there cited.   We concluded that there was evidence to support the finding.

The judgment is affirmed.