# Heck, Appellant, *v.* United Presbyterian Church of Bellevue et al.

*Workmen's Compensation Law—Injuries in course of employment—Evidence—Sufficiency—Res gestae.*

In a claim under the Workmen's Compensation Law it was proven that the plaintiff's husband was employed as a janitor of a church. In such capacity he opened the church at eight o'clock in the morning and closed it about five o'clock in the afternoon. He lived in the basement of the church, prepared his own meals there, and was accustomed to buy supplies for his own use and for the church at a certain store. While going in the direction of this store at 10.30 in the morning he was struck by an automobile and injured, and subsequently died as the result of his injuries. No other evidence was produced to show that the decedent was actually engaged in the furtherance of the affairs or business of his employer.

Under such circumstances, there was not sufficient evidence to support the claim, and compensation was properly refused.

Under the Workmen's Compensation Act an injury, not occurring on the premises, must be shown to be sustained while the employee is actually engaged in the furtherance of the business or affairs of his employer, and "actually" means that this shall be shown as an actual or existing fact.

Argued April 27, 1925. Appeal No. 184, April T., 1925, by plaintiff from judgment of C. P. Allegheny Co., October T., 1924, No. 1730, reversing decision of the

Workmen's Compensation Board, in the case of Mary Heck v. United Presbyterian Church of Bellevue and Aetna Life Insurance Company, Insurance Carrier. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.    Affirmed.

Appeal by defendant and insurance carrier from decision of the Workmen's Compensation Board.    Before DOUGLASS, J.

The facts are stated in the opinion of the Superior Court.

The court reversed the decision of the Workmen's Compensation Board.    Plaintiff appealed.

*Error assigned* was the decree of the court.

*Ralph C. Davis,* for appellant.

*John M. Reed,* of *Reed & Blair,* for appellees.

OPINION BY TREXLER, J., July 9, 1925:

This is a claim under the Workmen's Compensation Act.    Plaintiff's husband, George Heck, was employed by the United Presbyterian Church at Bellevue as janitor.    On November 29, 1922, about 10:30 a. m. he was struck by an automobile in the Borough of Bellevue and died a few days after that.    The deceased was living in the basement of the church.    As janitor of the church he opened it about 8 o'clock and closed it about 5 o'clock.    He attended the furnace and did all the necessary cleaning about the building.    He prepared his own meals in a small room in the church.    There was some evidence that he was accustomed to buy supplies for the church and for his own personal use at a store in the direction of which he was going at the time he was struck.    It was not usual for the deceased to leave the church without some specific notification to the pastor, but this was not a hard and fast rule but merely a cus-

tom of the deceased. In order to entitle the claimant to a finding in her favor the injury not being sustained while on the premises of the employer, it was her duty to show that the decedent "was actually engaged in the furtherance of the business or affairs of the employer" at the time of his injury: Act of June 2, 1915, P. L. 736, section 301. We have carefuly read the testimony and we are all of the opinion that it would be a mere matter of conjecture to come to the conclusion that such fact appears. There is some testimony as to assertions that the injured man made that he was on an errand for the church but they were mere hearsay. That the decedent may have been on a mission of his own is quite as reasonable as the inference that he was on his master's business: Poffinberger v. Martin Co., 83 Pa. Superior Ct. 524. Notwithstanding the liberality of the admission of evidence in these classes of cases, the final conclusion must be based on some competent evidence: Guyeru v. Equitable Gas Co., 279 Pa. 5. There is absolutely no direct testimony as to what the decedent did; where he was going at the time of the accident; how he was dressed or what work he was doing at the church on that day. As stated above an injury not occurring on the premises must be shown to be sustained while the employee is actually engaged in the furtherance of the business or affairs of his employer and "actually" means that this shall be shown as an actual or existing fact: Maguire v. James Lees & Sons Co., 273 Pa. 85. Whether one is killed when actually engaged in the employer's affairs within the meaning of the act is a question of law. There being no evidence warranting a finding in plaintiff's favor, we will not send the case back for further adjudication but following the practice in a number of cases, among them Houlehan v. Pullman Co., 280 Pa. 402, Callihan v. Montgomery, 272 Pa. 56, we will enter judgment.

The order of the lower court is affirmed except as to

that portion which directs the record to be remitted to the compensation authorities. Judgment is here entered for the defendant, appellant for costs.