## McAdams *v.* Pearson and Ludascher.

*Workmen's Compensation—Death of employee—Course of employment—Evidence.*

In a claim under the Workmen's Compensation Act, compensation will be awarded to the dependants of the deceased employee, who was

found dead on the premises of his employer in the hours of his employment, and where there was no evidence that he had abandoned his task, or had been engaged in something foreign to his work.

The mere fact that the deceased was found in a part of the lumber yard to which he had not been ordered by his foreman or immediate superior would not in itself prohibit an award of compensation.

The provisions of the Act of June 2, 1915, P. L. 736, Section 301 are broad enough to include every injury received on the premises of the employer during the hours of employment, so long as the nature of the employment demands the employee's presence there, regardless of whether his presence at the particular place where the injury occurred is actually required, if there is nothing to prove a virtual abandonment of the course of his employment by the injured person, or that, at the time of the accident, he was engaged in something wholly foreign thereto.

Argued October 6, 1927. Appeal No. 38, October T., 1927, by Maryland Casualty Co., Insurance Carrier, from judgment of C. P. No. 3, Philadelphia County, June T., 1926, No. 14711, in the case of Elizabeth McAdams v. Pearson and Ludascher, Maryland Casualty Co., Insurance Carrier. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Appeal from award of Workmen's Compensation Board. Before FERGUSON, J.

The facts are stated in the opinion of the Superior Court.

The Court dismissed the appeal. Defendant appealed.

*Error assigned,* among others, was the decree of the Court.

*Louis Wagner,* and with him *Richard A. Smith* and *Wilbur F. Whittle,* for appellant.

*Todd Daniel,* for appellee.

OPINION BY KELLER, J., December 15, 1927:

Pearson & Ludascher conduct a lumber yard in the city of Philadelphia, covering about sixty acres. The

yard is divided by streets or ways into three parts or sections. Ludascher Avenue, running east and west, divides it into two parts; and Wendsley Avenue, running north and south, again divides the upper or northern section into two parts. The plant is conducted as a unified operation, with one office—at the western intersection of Ludascher and Wendsley Avenues,—and one foreman in control of the entire yard.

Alexander McAdams was employed as a laborer in this yard and set to work piling lumber in the part or section north of Ludascher Avenue and east of Wendsley Avenue. His employment began on November 6, 1925 at 7 o'clock in the morning, and working hours continued until 5:30 o'clock in the afternoon. He was found dead about 4:30 o'clock that afternoon in the yard below Ludascher Avenue, in a pit about 100 feet south of the street, and nearly opposite the office, having been electrocuted by the third rail of a traveling crane used in connection with the yard. He was seen at his work by the foreman on his rounds of the yard between 9 and 10 o'clock, and at about 11 o'clock; and continued there until about 2:30 o'clock in the afternoon when he was seen to pick up his coat and walk southwardly in the direction of the office and the lower yard. He had made no complaint about his work and expressed no intention to anybody of abandoning or quitting the work. There was a toilet in the south yard. The foreman went about from one part of the yard to another and anybody who wanted to see him while he was in the lower yard would have to go there after him. The evidence did not develop for what reason McAdams went to that yard. He was not ordered there by the foreman or his immediate superior.

The referee awarded compensation to the claimant, his dependent mother, finding that the "decedent came to his death through injuries sustained upon the premises occupied by and under the control of de-

fendant and upon which defendant's business or af-
fairs were being carried on, the decedent's presence
thereon being required by the nature of his employ-
ment and during his regular working hours;" and say-
ing: "There is no evidence to rebut the plain inference
to be drawn from the fact that decedent had started
his work, had continued it during the day without
any complaint and had evidenced no intention of aban-
doning the same and was found dead while still on
the premises of the employer which he had entered for
the purpose of furthering the interest of his em-
ployer." The award was sustained by the Board and
the Court of Common Pleas.

Appellant's chief complaint seems to be that the
referee did not make a definite finding that McAdams'
death was caused by an accident in the course of his
employment; but it apparently overlooks the fact that
the Workmen's Compensation Act of 1915, P. L. 736,
section 301 has provided that the term, "injury by an
accident in the course of his employment," shall in-
clude "all injuries......sustained by the employe
who......is injured upon the premises occupied by or
under the control of the employer, or upon which the
employer's business or affairs are being carried on,
the employe's presence thereon being required by the
nature of his employment," in the very words of the
referee's finding above; and the referee having found
that the injury causing the employe's death was so
sustained, the statute attaches the legal effect, that it
was in the course of his employment.

This is not a case where the employe was found on
premises of the employer not used in connection with
the business in which the employe was engaged, and
where, as a workman, he could have no possible busi-
ness or excuse for being, as in Kuca v. Lehigh Valley
Coal Co., 268 Pa. 163; and kindred cases; or where the
accident occurred when the employe was absent from

his employer's premises and there was no evidence to prove that he was in the course of his employment or furthering his employer's interests, as in Poffinberger v. Martin, 83 Pa. Superior Ct. 524, and Heck v. U. P. Church, 86 Pa. Superior Ct. 77; but rather in line with the decisions of the Supreme Court and of this court in Flucker v. Carnegie Steel Co., 263 Pa. 113; Tolan v. P. & R. C. & I. Co., 270 Pa. 12; Malky v. Kiskiminetas Valley Coal Co., 278 Pa. 552; Ward v. Atlantic Refining Co., 84 Pa. Superior Ct. 434; Berlin v. Crawford, 86 Pa. Superior Ct. 283; Granville v. Scranton Coal Co., 76 Pa. Superior Ct. 335; and similar cases.

In Callihan v. Montgomery, 272 Pa. 56, 63, the Supreme Court said, speaking through Chief Justice MOSCHZISKER: "The provision [of the Act of June 2, 1915, P. L. 736, Sec. 301] is broad enough to include every injury received on the premises of the employer, during the hours of employment, so long as the nature of the employment demands the employee's presence there, regardless of whether his presence at the particular place where the injury occurred is actually required, if there is nothing to prove a virtual abandonment of the course of his employment by the injured person, or that, at the time of the accident, he was engaged in something wholly foreign thereto;" and in the very recent case of Shoffler v. Lehigh Valley Coal Co., 290 Pa. 480, it was said that to be within the course of employment injuries received on the premises of the employer were subject to the limitations (1) that the employe's presence must ordinarily be required at the place of injury, or (2) if not so required, the departure of the servant from the usual place of employment must not amount to an abandonment of employment, or be an act wholly foreign to his usual work (p. 483). We think it clear that this accident occurred, during working hours, on the premises of the employer; though the yard was divided by streets into

three parts it constituted one business and one unified operation. It is also clear that McAdams' presence at the place of the accident was not ordinarily required by his employment. But there is no evidence that he was engaged in something wholly foreign to his usual work, or of any intention on his part to abandon his employment; while there might be several proper and natural reasons for his being in the lower yard. We think the circumstances were such as to justify the inference on which the referee's finding is based, and it is not our province to disturb findings of fact. See Slemba v. Hamilton, 290 Pa. 267; Sgattone v. Mulholland & Gotwals, 290 Pa. 341, 345.

The assignments of error are overruled and the judgment is affirmed.