## Vuyovich v. P. & R. C. & I. Co., Appellant.

Argued December 10, 1929.

Before Porter, P. J., Trex-

LER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*George Ellis*, and with him *B. D. Troutman* and *Jno. F. Whalen*, for appellant.

*Roger J. Dever*, for appellee.

OPINION BY TREXLER, J., January 29, 1930:

The claimant was injured while at work at the colliery of the defendant company on November 23, 1927. His claim is resisted on the ground that he was not injured while in the course of his employment, and that the relation of employer and employee did not exist between him and the defendant company at the time of the accident.

Plemenatz was a miner in the employ of the company and his laborer had quit. He looked around for another and hired the claimant and with him went to work on the afternoon of November 23, 1927, their shift commencing at 2:30 P. M. When they arrived at the colliery, Plemenatz took the claimant into the office and reported the fact that he had hired him. The further facts are stated in the opinion of the court below and are as follows: "The only man in the office was Dick Cassins, a fire-boss in the drift. Cassins had nothing to do directly with the men employed in the part of the mine where Plemenatz worked. However, Plemenatz told Cassins that the claimant was his

new laborer and Cassins wrote the claimant's name on the board and gave the claimant a check which authorized him to enter the mine in the cage. When the two men reached the bottom of the shaft they found that the fire-boss had gone up. According to the rules, Plemenatz should have seen the fire-boss before entering his working place and should have notified the fire-boss that he had hired a new laborer. There is evidence to show that the fire-boss had examined the working place, had brushed some gas from it, and that it was in proper condition for the men to enter. There is also evidence to show that Plemenatz, finding that the fire-boss had left, told the loader-boss that the claimant was his new laborer; that all the fire-boss would have done, when notified that Plemenatz had hired the claimant, would have been to write the claimant's name in his book; and that Plemenatz's action in hiring the claimant as a laborer was perfectly proper. The claimant followed his miner into the working place and started to work. Within a short time, there was an explosion of gas and both men were injured.'' The referee sustained the claim and awarded him compensation. He found that the claimant was in the employ of the defendant company at the time of the accident and we think the facts as above set out are sufficient to support this conclusion.

The claimant was received into the employ of the company apparently in the customary way. The man in charge of the office at the time accepted the statement of Plemenatz that the claimant was his new laborer and wrote the claimant's name on the board and gave him a check which authorized him to enter the mine in question. Cassin had the apparent authority to issue these checks. Being the only man in the office, it could hardly be asserted that he was not representing the company and acting as its agent in attending to the ordinary routine. He wrote the claimant's name on the board and evidently that was notice that

he was recognized as an employe. There being competent evidence to sustain the finding, we must accept it as true: Slemba v. Hamilton & Sons, 290 Pa. 267. It is not in our province to disturb findings: McAdams v. Pearson & Ludascher, 92 Pa. Superior Ct. 152.

Section 203 of the Workmen's Compensation Act of 1915, P. L. 736, provides, ''An employer who permits the entry upon premises occupied by him or under his control, of a laborer or an assistant hired by an employe or contractor, for the performance upon such premises of a part of the employer's regular business entrusted to such employe or contractor, shall be liable to such laborer or assistant in the same manner and to the same extent as to his own employe.''

The assignments of error are overruled and the judgment is affirmed.