Stevens v. C. B. Parker Company, Inc., Appellant.

Argued March 6, 1933.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Walter W. Harris,* of *O'Malley, Hill, Harris and Harris,* for appellant.

*Stanley F. Coar,* and with him *C. A. Battenberg,* for appellee.

OPINION BY KELLER, J., April 17, 1933:

The claimant's husband was employed by the appellant as a traveling salesman, on a commission basis. In making his calls he used his own automobile, which he kept, maintained and ran at his own expense, no special allowance being made for it in his compensa-

tion. He kept his automobile in a private garage adjacent to his home. He used the car for his own purposes as well as on the business of his employer.

On Tuesday morning, February 10, 1931, he was found dead in the garage, from carbon monoxide poisoning. He was seated in the car, with the engine running and the garage door closed. A hand air-pump was attached to the right front tire. The engine hood was up. His hands were soiled with grease or dirt, as if he had been working about the car. He had stayed in the house the preceding three days on account of a lame back. There is no evidence in the case that he intended to make any business calls that day. It had snowed heavily the day before and was still cold, snowy and icy. He did not have his overcoat on when he was found.

The referee, and on appeal, the board, found that his death occurred in the course of his employment, and awarded compensation to his widow. The court of common pleas, on appeal, sustained the award and entered judgment for the claimant.

There is no evidence to support the findings of the referee and board as to the death occurring in the course of his employment, and we are obliged to reverse the judgment.

The car was his own, in his own rented garage. When he used it on his employer's business he was in the course of his employment. On all other occasions his use of the car was not in furtherance of his employer's business. Putting his own car into condition for general use was not engaging in his employer's business, or in the furtherance thereof, within the meaning of the act, and an accident happening while he was so occupied was not in the course of his employment. As before stated, there is no evidence in the case that he intended to go out on his employer's business that day. Tinkering about his own car, with

the purpose of putting it in good condition, does not make him engaged at the time on his employer's business, merely because when traveling on his employer's business he used the car.

In Green v. Hiestand, 103 Pa. Superior Ct. 515, 157 Atl. 44, the employee, who received a special weekly allowance for the use of his car, had started on his employer's business and been engaged on it for some time, when something went wrong with the car, and he drove into the garage to fix it, intending to continue his employer's work when he had fixed the car. In this case he never got started on his employer's business on the day he died, and there is no evidence that he intended to do so.

The case is easily distinguishable in its facts from all the cases cited by the appellee, and falls within the rule enunciated in Palko v. Taylor-McCoy Coal & Coke Co., 289 Pa. 401, 137 Atl. 625; Maguire v. Lees, 273 Pa. 85, 116 Atl. 679; Heck v. United Presbyterian Church, 86 Pa. Superior Ct. 77; Poffinberger v. Martin, 83 Pa. Superior Ct. 524 and kindred cases.

The judgment is reversed, and the award in favor of the claimant is set aside.