Martin, Appellant, *v.* S. W. Ins. Fund et al.

Argued March 8, 1933.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Roger J. Dever,* for appellant.

*Ralph H. Behney,* and with him *R. Lawrence Cough-lin, A. K. Edwards,* Deputy Attorney General, and *William A. Schnader,* Attorney General, for appellee.

OPINION BY STADTFELD, J., April 17, 1933:

Workmen's compensation case. Andrew Martin, alias Meroy, met with a fatal accident February 20, 1931, between 5:30 and 6 o'clock in the morning, on a public road in the Borough of Kingston by being struck with an automobile.

A compensation agreement was entered into by his widow, Mrs. Anna Martin and the State Workmen's Insurance Fund, the insurance carrier of Owen A. Murray and W. D. Curnow, employers, providing for the payment of compensation to the widow and three minor children. The agreement, dated March 9, 1931, was approved by the Workmen's Compensation Board May 5, 1931. On April 14, 1931, the State Workmen's Insurance Fund petitioned the Workmen's Compensation Board to review said agreement on the ground that the agreement was executed by mistake of law and of fact, and further alleging that the said Andrew Martin was not in the course of his employment when he met with the fatal accident. The widow filed her answer denying the allegations in the petition to review. The referee to whom the petition for review had been referred dismissed the same after hearing of testimony and held that the deceased employe's day's work and day's pay began when he left home to attend a meeting with his employer at the latter's request, and that the decedent was in the course of employment when the accident happened. Upon appeal the Work-

men's Compensation Board affirmed the referee from which decision the insurance carrier appealed to the court of common pleas of Luzerne County which, in an opinion by VALENTINE, J., sustained the appeal and directed judgment to be entered for the defendant. From that judgment claimant has taken this appeal.

The board has found that the decedent was struck by a hit-and-run motorcar driver while on his way from his home in Kingston, near Wilkes-Barre, to meet his employer, a street-cleaning contractor, at No. 32 Monroe Street, Wilkes-Barre. Mr. Curnow, the contractor, testified that Mr. Martin was usually engaged in the northern section of the city, and that at the time he had men engaged in the southern section of the city, and that the night before Martin met death, the said Curnow met Martin, and having in mind the laying off of some men, gave Martin orders to report to him in the City of Wilkes-Barre the following morning, before the said Martin would report to his work in the northern section of the city. Mr. Curnow further testified that at the time Martin met his death he was under specific orders from his employer, Curnow, and that Martin's pay on that occasion started from the time he left home; that he wanted him at his office in the lower part of the city the following morning to talk of future arrangements.

Defendant contends that the decedent under the facts stated was not in the course of employment when fatally injured.

At the time of the accident, Martin was carrying out the special orders of his employer, given the night before. Under these circumstances, he was in the course of employment. We believe the case comes within the decision in Krapf v. Arthur et al., 297 Pa. 304 affirming 95 Pa. Superior Ct. 468. It was held in Messer v. Mfrs. Light and Heat Co., 263 Pa. 5, and in Haddock v. Edgewater Steel Co., 263 Pa. 120, that

an injury happening to an employe is compensable, if at the time he was charged with any duties of his employer.

There was no mistake of fact within the contemplation of the statute and the learned court below erred in sustaining the appeal of the defendant and reversing the order of the Workmen's Compensation Board.

The assignments of error are sustained, the judgment is reversed, the findings of the compensation board and referee are reinstated, and the petition to review is dismissed.