Moyer, Appellant, *v.* Reading Company.

20

Argued November 13, 1933.

Before Trexler, P. J., Keller, Baldrige, Stadtfeld, Parker and James, JJ.

*Charles H. Weidner,* and with him *Charles K. Derr* and *Stevens & Lee,* for appellant.

*Thomas I. Snyder* of *Zieber & Snyder,* for appellee.

OPINION BY TREXLER, P. J., March 3, 1934:

This is a compensation case. The claimant's husband was in the employ of the defendant, the Reading Company. His regular hours were from seven o'clock A. M. to 3:30 P. M. He received by railroad mail a compensation check drawn to the order of Eisenhower who was one of defendant's pensioners.

On May 14, 1931, he returned to his home about 3:30 in the afternoon and after his evening meal left his house, walked northward along the State highway, a distance of about four city blocks, left the highway and entered a path which led to the home of Eisenhower and gave him the check. He stayed about ten minutes, and then walked south along the highway toward his own home. His home was on the *western* side of the highway. Eisenhower's home was on the *eastern* side. About 9:00 P. M. as he was in the act of crossing the highway from *west* to *east* at a point about one hundred feet north of his own home, he was struck by an automobile truck, owned and operated by one Scott.

There was no one testifying concerning the defendant's progress from the time when on his return from Eisenhower, he passed a Mr. Sterner's home, three squares away from the scene of the accident and the time when he stepped upon the road and was hit. The claimant seeking compensation for his death must prove that at the time he was struck he was engaged in furthering the business of his employer. Having this in view, we have come to the conclusion that the plaintiff has not proved her case. The inference that he was ''actually engaged in the furtherance of the business or affairs of the employer'' must be more than a mere conjecture: Poffinberger v. Martin Co., 83 Pa. Superior Ct. 524; Stevens v. Parker, 108 Pa. Superior Ct. 520, 165 A. 665.

Notwithstanding the fact that the referee has made specific finding that decedent was killed while returning on foot to his home after having delivered the compensation check to Eisenhower, we find no testimony that would substantiate its finding except the fact that he left his home, that he went to Eisenhower's home and that he was killed somewhere between Eisenhower's home and his own home, but the time of his leaving Eisenhower's house and the time when he was killed is not definitely fixed so as to exclude the probability of his not being on his return journey. This is strengthened by the fact that there is no testimony by any of the witnesses that the decedent was going in the direction of his home. The whole tenor of their narratives is to the effect that he was about to cross the street. He was struck one hundred feet from his home, but there was not one statement throwing light on the question whether he had or had not actually returned home after his visit to Eisenhower.

As the lower court properly states, "if decedent had been on his way home from Eisenhower's, he would have been walking south, but all the testimony is to the effect that at the time of the accident he was in the act of crossing the road in an easterly direction. The testimony as to the precise time intervals is too fragmentary and uncertain to support any conclusions either way. It seems to us that the inference that decedent was at the time of the accident still upon the errand to Eisenhower's is a mere conjecture, which has no more evidence to support it than the inference that, having completed his errand, he was in the act of crossing the street to go to his garages, which were upon the eastern side of the road."

We think the case was properly decided by the court below. The judgment is affirmed.