## Knowles v. Parker Wylie Carpet Co., Inc. et al., Appellants.

258

Argued October 6, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Frank R. Ambler,* for appellants.

*John J. Gallagher,* for appellee.

OPINION BY BALDRIGE, J., December 17, 1937:

This is an appeal from the judgment obtained in a workmen's compensation case by the widow of a deceased employee of the defendant.

The question involved is whether the husband met death in the course of his employment.

Decedent was a salesman for the Parker Wylie Carpet Company, Inc., receiving a commission on his

sales but no allowance for expenses. He arrived in Pittsburgh on the morning of September 10, 1935, went to the office of George Wehm & Company, wholesalers of floor coverings, his largest customer, and, in company with Wehm, president of the company, called at certain large retail stores, customers of the Wehm company. At 6 p. m. they finished their calls and returned to Wehm's office, where they left their samples and cases. Decedent then invited Wehm to dinner and suggested that they go to some place outside the city. They drove in Wehm's automobile to Hill Top Inn, about twenty-five miles in a northerly direction from the hotel at which deceased was stopping. There they were joined by three women with whom they had dinner, paid for by the decedent.

After midnight they started back to Pittsburgh, intending first to take the women to East Liberty where they resided. This plan required them to drive approximately ten miles farther than if they had returned directly to decedent's hotel. About 1 or 1:30 a. m., they stopped at Hamilton Street, which is near where the women lived, as the car had a flat tire. The decedent alighted from the automobile, and, while waiting for a repairman, who had been summoned, to fix the tire, the decedent was struck by another motor vehicle and killed.

A claim for compensation was filed before a referee, who found that the deceased at the time of his death was not actually engaged in furthering the interests of his employer, and disallowed compensation. The board reversed the referee's findings and conclusions, and granted an award. Upon appeal, the court of common pleas sustained the action of the board.

Ordinarily, when an accident occurs to an employee off the employer's premises, there is no presumption that at the time of the accident he was in the course of his employment. The burden rests upon the claimant

to prove, by competent evidence, that when the accident occurred he was actually engaged in a furtherance of the business or affairs of his employer (*Hunter v. American Steel & Wire Co.*, 293 Pa. 103, 141 A. 635; *Altman v. Kaufmann Realty Co. et al.*, 110 Pa. Superior Ct. 178, 167 A. 394; *Paulin v. Williams & Co. Inc. et al.*, 122 Pa. Superior Ct. 462, 186 A. 415, affirmed by the Supreme Court); and that his presence was required there by the nature of his employment: *Shoffler v. Lehigh Valley Coal Co.*, 290 Pa. 480, 139 A. 192; *Leacock v. Susquehanna Coll. Co.*, 98 Pa. Superior Ct. 581; *Baumann v. Howard J. Ehmke Co. et al.*, 126 Pa. Superior Ct. 108, 190 A. 343.

In the Baumann Case, supra, cited by appellee, the claimant was employed as a travelling salesman, his territory embracing all the United States. He sold canvas goods, principally picking bags used by growers of apples and citrus fruits, and was furnished an automobile by his employer, frequently stopping with his prospective customers. He left the company's home office in Philadelphia on a trip which required him to go into a number of states, including Oregon where he called on J. H. Hibbs in accordance with instructions from his employer. Hibbs did not desire to buy any of his goods, but he gave Baumann an invitation to make his headquarters at his home for a short time, as it was too early for him to proceed to the citrus belt in California. This proposed arrangement met with the approval of Baumann's employer, and he remained at Hibbs' home, as a guest, paying no board or lodging. On the day of the accident, Baumann was standing near his host's brother, who was chopping up a tree, when he was struck and injured by a chip from a wedge that was being used. That may be regarded as a border-line case, but we felt that at the time of the injury claimant there was not doing something entirely disconnected with or foreign to his duties, as was the de-

ceased here, and that there was sufficient evidence to support the findings of the compensation authorities that he was injured in the course of his employment.

The facts in that case, and in *Kelly v. Ochiltree Electric Co. et al.,* 125 Pa. Superior Ct. 161, 190 A. 166, where the salesman was injured while returning from a convention sponsored by his employer, for the purpose of increasing the efficiency of his salesmen, are distinguishable from those in the present case.

This case is more analogous in its facts to *Paulin v. Williams & Co. Inc. et al.,* supra (122 Pa. Superior Ct. 462, 186 A. 415), where the deceased was employed as a salesman, whose territory included certain parts of Ohio and Pennsylvania, his employer furnishing him a car. He left his home in Poland, Ohio, in company with his brother, about 9:30 in the evening of July 13, 1933, and called upon a customer in Youngstown, five miles distant, with whom he discussed business. He left there about 12:30 a. m., proceeding in a different direction from his home to a restaurant a few miles away, where he remained until 1:45 a. m. His wrecked car and the bodies of the deceased and his brother were discovered shortly thereafter about 2 a. m. We held there was no competent evidence to show that the deceased had called or intended to call on any other business prospects that evening, and that the accident did not occur in the actual course of his employer's affairs. See, also, *Freeman v. Salem Reformed Church,* 125 Pa. Superior Ct. 367, 190 A. 159.

To determine whether one is injured in the course of his employment, even though he may be a travelling salesman, consideration must be given to what he was doing at the time of the accident—whether actually engaged in the furtherance of his employer's interests —and all the attending circumstances. The injury must have some connection or be concerned in some manner with the business of the employer, and not be the result

of engaging in private affairs disconnected therewith: *Zenker v. Zenker,* 93 Pa. Superior Ct. 255, 258.

The evidence in the case in hand clearly established that the deceased's work had ceased at 6 o'clock that day. When the accident occurred, approximately eight hours after he had finished his actual duties, at a place they did not require him to be, he was engaged in a purely personal matter. The women companions he was taking home at that early hour in the morning certainly could not be considered as business prospects, nor can it be fairly concluded that what he was doing at the time of the accident bore any relation to his employment, and there was no evidence that the evening's activities were with the approval of his employer. The accident would not have occurred if he had not been involved in the undertaking of driving these women home, which was something entirely foreign to his employment.

We are constrained to hold that there was no competent proof that this unfortunate death was compensable under our statutes.

Judgment reversed, and now entered for the appellants.