Smith *v.* Frederick Investment Company et al.,
Appellants.

Argued April 14, 1943. Before KELLER P. J., BALD-
RIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and
RENO, JJ.

*David M. Kaufman,* for appellants.

*Fred J. Jordan,* with him *Murray J. Jordan,* for ap-
pellee.

OPINION BY STADTFELD, J., July 16, 1943:

The decedent, Clarence J. Smith, was a piano tuner
by occupation. For many years he was employed by
the defendant company to go out and tune pianos on
their order. He worked on the defendant's orders

every Monday, Wednesday, and Friday at $4 per day; and on Saturdays he generally tuned pianos at the William Penn Hotel in the City of Pittsburgh at $2 for each piano tuned, with a minimum of $4. The hotel paid for this by remittance to the defendant company, and they in turn paid the decedent $2 for every piano tuned. The decedent had private work of his own, unconnected with the defendant, and on days that he would take care of his own clientele he would not receive his customary $4 (if that happened on a Monday, Wednesday, or Friday).

On Saturday, October 7, 1939, the decedent went to the William Penn Hotel prior to 9:00 A. M. and began work on some pianos on the seventeenth floor of the hotel. He finished or left this work at 9:30 or 10:00 A. M. and left the seventeenth floor. He was not seen again until 4:30 P. M. when he was hit by an automobile in the middle of the intersection of William Penn Way and Sixth Avenue, in the City of Pittsburgh as he was crossing from the opposite side of Sixth Avenue, going in the direction of the hotel. After being struck, he entered the William Penn Hotel about 5:00 P. M. to work on a piano in the "Chatter-box," a room on the first floor. On October 22, 1939, the decedent died as a result of the wounds inflicted when he was struck on October 7, 1939.

The evidence indicated that the defendant company carried compensation insurance and social security on the decedent.

The referee found that the claimant's decedent was in the course of his employment with the defendant at the time of the accident; that he was an employee within the meaning of the Workmen's Compensation Act, and awarded compensation to the widow, claimant.

An appeal from the referee's findings was taken to the Workmen's Compensation Board. The Board, with some modification of the wage rate, affirmed the ref-

eree's findings of fact and conclusions of law and ordered the payment of compensation. The defendant. then appealed to the Court of Common Pleas of Allegheny County, which court in an opinion by MARSHALL, J., dismissed the appeal and affirmed the order of the Board and entered judgment in favor of the claimant and against the defendant. From that judgment the defendant has taken this appeal. Appellant contends first, that decedent was an independent contractor, and secondly, if he was an employee of defendant company, the accident did not occur in the course of his employment.

Section 301 (c) of the Workmen's Compensation Act of 1939, P. L. 520 provides, inter alia, "The term injury by an accident in the course of his employment shall include all other injuries sustained while the employee is *actually* engaged in the furtherance of the business or affairs of the employer whether upon the employers premises or elsewhere. ......"

The witness, A. Razaire, head houseman of the William Penn Hotel, testified that he saw the claimant's husband on the seventeenth floor at 9:30 A. M. tuning a piano; he further stated that he did not see him again until 4:50 P. M. coming into the main entrance of the hotel. The witness, Toth, another employee of the hotel, testified that the decedent left the Urban Room (seventeenth floor) about 10:00 A. M. and he did not see him again until "ten to five" that afternoon in the Chatter-box Room. There is no testimony whatsoever to establish where the decedent had been from 10:00 A. M. until 4:30 P. M. when he was struck while crossing the intersection of William Penn Way and Sixth Avenue.

There is no evidence which would warrant the conclusion that decedent was an independent contractor. All of the testimony warrants the conclusion that he was an employee of defendant company. The sole

question is whether there is any testimony to establish that the accident occurred in the course of his employment. Having occurred off the premises, claimant has the burden of establishing that decedent was at the time of the accident actually engaged in the furtherance of the business of his employer.

In *Shoffler v. Lehigh Valley Coal Co.*, 290 Pa. 480, 484, 139 A. 192, Mr. Justice KEPHART stated that "injuries suffered in the course of his employment do not include (a) injuries received while away from the actual place of employment, where the deviation or departure is wholly foreign to his duties, and amounts to an abandonment of employment ......"

In *Moyer v. Reading Co.*, 112 Pa. Superior Ct. 19, 21, 171 A. 105, President Judge TREXLER said: "The claimant seeking compensation for his death must prove that at the time he was struck he was engaged in furthering the business of his employer ...... The inference that he was 'actually engaged in the furtherance of the business or affairs of the employer' must be more than a mere conjecture. Poffinberger v. Martin Co., 83 Pa. Superior Ct. 524; Stevens v. Parker Co., 108 Pa. Superior Ct. 520, 165 A. 665."

In *Titus v. S. E. Sostmann & Company et al.*, 133 Pa. Superior Ct. 201, 2 A. 2d 580, it was held by this court in an opinion by Judge RHODES, that an employee is not entitled to compensation for injuries occurring off the premises of his employer, unless at the time of the accident the employee was *actually engaged in the furtherance of the business or affairs of his employer.*

When claimant's decedent left the hotel in the morning it was with the intention of returning later in the day to tune another piano in the hotel. It would be a reasonable inference, in view of the fact that he had the right to serve personal clientele, that he went on a mission of his own when he left the hotel, and there-

fore took himself out of the employment for which he went to the hotel in the morning on behalf of his employer, and did not resume the duties of his employment with the defendant until he reentered the hotel.

In *Knowles v. Parker Wylie Carpet Co., Inc. et al.,* 129 Pa. Superior Ct. 257, 259, 195 A. 445, it was held by this court, in an opinion by Judge BALD-RIGE: "Ordinarily, when an accident occurs to an employee off the employer's premises, there is no presumption that at the time of the accident he was in the course of his employment. The burden rests upon the claimant to prove, by competent evidence, that when the accident occurred he was actually engaged in a furtherance of the business or affairs of his employer (Hunter v. American Steel & Wire Co., 293 Pa. 103, 141 A. 635; Altman v. Kaufmann Realty Co. et al., 110 Pa. Superior Ct. 178, 167 A. 394; Paulin v. Williams & Co. Inc. et al., 122 Pa. Superior Ct. 462, 186 A. 415, affirmed by the Supreme Court) ; and that his presence was required there by the nature of his employment: Shoffler v. Lehigh Valley Coal Co., 290 Pa. 480, 139 A. 192; Leacock v. Susquehanna Coll. Co., 98 Pa. Superior Ct. 581; Baumann v. Howard J. Ehmke Co. et al., 126 Pa. Superior Ct. 108, 190 A. 343."

We are of the opinion that the claimant's proof fell short of carrying the burden placed on her to establish that the decedent was at the time of the accident actually engaged in the furtherance of the business or affairs of his employer as required under the Act of Assembly.

Judgment reversed and now entered in favor of the defendant.