Connelly *v.* Bachman et al., Appellants.

Argued March 14, 1944. Before KELLER, P. J., BALD-RIGE, RHODES, HIRT, KENWORTHEY, RENO and JAMES, JJ.

*John F. Donohue,* for appellants.

*Frank R. Ambler,* with him *Franklin L. Wright,* for appellee.

OPINION BY JAMES, J., July 15, 1944:

Defendant employer and her insurance carrier have appealed from an award of compensation to the widow and children of decedent employee by the referee, affirmed by the Compensation Board and the Court of Common Pleas. The Referee found that "on December 31, 1940, while directing traffic in front of defendant's property, John H. Connelly was struck by an automobile" and "the death of the claimant's decedent on January 3, 1941, was the result of an accidental injury sustained while in the employ of the defendant." Upon appeal, the Compensation Board held that "this highway cannot be deemed to be so connected with the defendant's business as to form a component integral part of it and be considered as defendant's 'premises'," but specifically held that claimant had met the burden of proof in establishing that the deceased was actually engaged in the furtherance of the business or affairs of the defendant at the time of the accident which resulted in his death.

"It is well recognized that where an accident occurs off the employer's premises, the employee is as a matter

of law within the course of his employment if at the time he was actually engaged in the furtherance of the business of his employer and his presence was required by the nature of his employment: Knowles v. Parker Wylie Carpet Co. et al., 129 Pa. Superior Ct. 257, 195 A. 445." *Caviston v. Lang,* 152 Pa. Superior Ct. 51, 31 A. (2d) 566.

As this accident did not occur on employer's premises, the burden was upon claimant to prove, by competent evidence, that deceased was actually engaged in the furtherance of the business or affairs of his employer at the time of the accident which resulted in his death. *Knowles v. Parker Wylie Carpet Co. et al.,* supra.

"The burden of proof rests on the claimant to show by a preponderance of the evidence all the elements necessary to support an award." *Ewing v. Alan Wood Steel Co.,* 138 Pa. Superior Ct. 519, 12 A. (2d) 121.

The findings of fact of the board on the testimony, whether taken before a referee, or before the board itself, are conclusive on the courts, if there is substantial competent evidence to sustain them. Matters for the courts to determine are confined to questions of law and include a determination of whether there is competent and substantial evidence in the record to justify the findings of the board. *Powell v. Hills Garage et al.,* 150 Pa. Superior Ct. 17, 27 A. (2d) 773.

In the light of these decisions the question is whether there is in this record evidence which, if believed, will justify men of ordinary reason and fairness in affirming the proposition that Connelly met his death while in the course of his employment with the defendant.

Decedent's employer operated the Covered Wagon Inn, a restaurant and bar located on the Lancaster Pike at the northwest corner of the intersection of Lincoln Highway and the Old Eagle School Road with a frontage of about 300 feet on the Lincoln Highway.

About 75 feet east of where the Old Eagle School Road intersects the north line of the Lancaster Pike, Sugartown Road intersects the south line of the Pike. The restaurant was about 24 feet from the Lincoln Highway and most of the ground about the Inn was black to surface with parking lines on the parking area adjoining the highway on the same level. On the Old Eagle School Road there was a ten foot black top surface adjoining that road on the same level.

John H. Connelly, the decedent, was an elected constable from Plymouth Meeting, and had been employed as a watchman and attendant by the defendant since June 7, 1940 for three nights a week from seven P. M. to one A. M.

The daughter of the employer, who assisted in the supervision of the business, testified that his duties were as follows: "He was to look after all the cars, to direct them when coming in and going out, to make sure they were parked in the proper manner; and also, in case of any disturbance, to take care of it, as any officer of the Law would." She further testified that in the parking of the cars at times it would require going out in the road to stop traffic. During the performance of his duties he was attired in a police officer's uniform with full police equipment, but had never placed any one under arrest. He had worked his usual period during this week but had been requested by his employer to work this New Year's Eve. About 9:45 that evening decedent was struck by an automobile, suffering injuries which resulted in his death on January 3, 1941.

The principal witness called by the claimant, Joseph E. Buckley, testified that at the time of the accident he was standing on the corner opposite the defendant's restaurant but on the same side of the Lancaster Pike; that decedent had been directing traffic in and out of defendant's parking place. A Chevrolet car pulled out

of Eagle Road on to the Pike, turning eastward, and the lady driver wished Connelly a "Happy New Year". Decedent started to walk westward toward the canopy of defendant's restaurant when an automobile came out of the Sugartown Road onto the pike, proceeding westward on the pike, when decedent blew his whistle. Decedent stepped on to the concrete road a distance of two or three feet from the edge, as if he was letting somebody out of the property, when another automobile proceeding westward on the pike struck the decedent, throwing him upon defendant's property. In a written statement given by the witness to defendant's insurance carrier's investigator the witness stated that the decedent blew his whistle at the automobile which came out of Sugartown Road; that the decedent was on the Eagle Road near the pike at the time he blew the whistle; that the decedent continued to blow his whistle while walking westward down the northern lane of the pike; and that he had walked a distance of 30 feet on the highway and started to turn around when he was struck by an automobile which came from the east.

Stephen Brooks, whom appellant classifies as "a much more satisfactory witness" saw the accident from the front seat of a car parked on the Inn property. He saw the decedent walk towards the highway and when he reached the center of the road, wave his flashlight at a car heading west that seemed to be going fast, slowing down the passing car. He turned around, walked back towards the Inn and was struck two or three feet off the curb of the Inn property.

In detail, there is some confusion between these witnesses, but on the important facts we find no such variance as to affect the proper disposition of the cause. Both establish the fact that either in blowing the whistle or waving the flashlight, decedent had proceeded on the highway to slow down a passing car. This being accomplished, he was returning to the Inn prop-

erty when struck by the automobile coming from the East.

In affirming the award of the Referee the Compensation Board said, "The decedent was on the highway at the time of the accident, attempting to slow down a passing automobile. Undoubtedly, it is for the defendant's benefit to have passing automobiles travel at a proper rate of speed as it tends for the safety of the defendant's patrons entering and leaving the premises. It also tends for easy access to defendant's premises. It is hard to believe that the decedent was engaged in his capacity of constable at the time of the accident as the evidence indicates that the decedent had never made an arrest for a motor vehicle violation."

In the opinion of the court below we find: "We are of opinion that a fair and reasonable inference deducible from these established facts is that the deceased was actually engaged in the performance of the duties, and his presence was required by the nature of his employment, and, therefore, was actually engaged in the furtherance of the business of his employer. There can be no reasonable doubt that when he entered upon the highway the acts of blowing his whistle and waving his flashlight were directed to the attention of the driver of the automobile moving westwardly on the highway. There is no reason appearing from the evidence why he should have been regulating any traffic at that point except in the performance of his duty to facilitate safe movement of automobiles to and from the parking area. There is evidence that at that time an automobile was entering the parking area. He was a constable, but there is nothing appearing to indicate that he suddenly abandoned his employment with the defendant to act not in the capacity of such employee but solely in the capacity of constable. ...... Under all the attending circumstances, the injuries he sustained have a direct connection with the business of his employer and there

is no evidence that they were the result of engaging in any affairs disconnected with or foreign to his duties."

In discussing the reasons advanced by the court below, appellant contends the evidence does not warrant the statement that "there is evidence that at that time an automobile was entering the parking area." As thus stated it was incorrect, but the testimony of Buckley was, "I saw him step on to the concrete as if he was letting somebody out of the property."

In addition to the reasons above set forth, a reasonable inference from the testimony could be found that the policing of the car going westward was caused by some act of this driver in crossing on to the western lane of traffic, while the lady driver in the Chevrolet was crossing into the easterly lane of traffic.

As we view this record, the evidence fully sustained the findings of the compensation authorities that decedent met his death in the course of his employment with defendant.

Judgment affirmed.